FILED
2015 Apr-21  PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY CARE, INC., a corporation, and IRWIN HOLDINGS, LLC, a limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) ) | |
| AMERICAN CARESOURCE HOLDINGS, INC., a corporation | ) ) | |
| Defendant. | | |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs American Family Care, Inc. and Irwin Holdings, LLC (collectively referred to herein as "Plaintiffs") hereby file their Complaint for Damages and Injunctive Relief against Defendant American Caresource Holdings, Inc. as follows:

## PARTIES

1. American Family Care, Inc. ("AFC") is a corporation organized under the laws of the State of Alabama with its principal place of business at 3700 Cahaba Beach Road, Birmingham, Alabama 35242.

2. Irwin Holdings, LLC ("IH") is a limited liability company organized

under laws of the State of Florida with its principal place of business at 3700 Cahaba Beach Road, Birmingham, Alabama 35242.

3.      Defendant  American  Caresource  Holdings,  Inc.  ("American Caresource") is a corporation organized under the laws of the State of Delaware and registered to business in the State Alabama since July 1, 2014.  The address of American Caresource's principal place of business is 5429 EBJ Freeway, Suite 850, Dallas, Texas 75240.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the claims asserted by Plaintiffs under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claims and right to relief arise primarily under the Lanham Act, 15 U.S.C. §§ 1051-1127. This Court additionally has supplemental jurisdiction over the Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

5.      This court has authority to issue injunctions and other equitable relief under 28 U.S.C. § 2202 and 15 U.S.C. §§ 1116(a).

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred and are occurring in this district.

## NATURE OF THE ACTION

7.      This  is  a  civil  action  for  Lanham  Act  violations,  common-law

trademark infringement, common-law dilution arising under Alabama law, and other state-law claims.

8.    By this action, Plaintiffs seek equitable relief for Defendant's infringement of Plaintiffs' trademarks, service marks and other intellectual property.

## FACTUAL BACKGROUND

### A.    The Plaintiffs' Intellectual Property

9.    IH is the owner of all right, title, and interest in and to certain intellectual property relating to the operation of family and urgent care medical facilities.   Among others, IH owns the federal trademark registration for the word mark **AMERICAN FAMILY CARE**; Reg. No. 4,487,746 (the "Mark").   A true and correct copy of the Registration Certificate is attached hereto **Exhibit 1**.

10.    AFC has a license from IH to use the Mark in connection with its operation of family and urgent care medical facilities.   A true and correct copy of the License Agreement is attached hereto as **Exhibit 2.**

11.    In addition to the Mark, AFC is the owner of all right, title, and interest in and to all common law trademarks used in the operation of its family and urgent medical care facilities.   (The Mark and AFC's common law trademark rights are collectively referred to herein as "AFC's Marks").

12.    AFC's Marks have been used by AFC in connection with the operation of family and urgent care medical facilities in the State of Alabama since 1982.

AFC's Marks are well known in the State of Alabama and throughout the Southeast.

13.    AFC has invested substantial time and money into developing AFC's Marks through advertisements, marketing and consistent operation since 1982. AFC is the largest primary care provider in the State of Alabama.

14.    As a result of AFC's high profile, longstanding and consistent use of the trade name "American Family Care," it has attained extensive public recognition and become a famous and distinctive trademark with the consuming public.

**B.    The Defendant's Infringement of Plaintiffs' Mark**

15.    American Caresource's use of the trade name "American Caresource" is substantially similar to "American Family Care" and likely to cause confusion as to the source of the services with the consuming public.

16.    American Caresource is engaged in the business of operating family and urgent care medical facilities in Alabama, Georgia, Florida and Virginia.  A true and correct copy of American Caresource's website "Locations" page is attached hereto as **Exhibit 3**.   AFC has family and urgent care locations in three of these States.   Moreover, American Caresource's Alabama, Georgia and Florida locations are in the exact marketplaces as AFC locations.   Specifically, American Caresource and AFC have family and urgent care medical facilities in Birmingham, AL, Atlanta, GA and Panama City, FL markets.

17.    American Caresource offers identical services as AFC.

18.     American Caresource offers, markets and advertises its services to an identical marketplace as AFC.

## NOTICE TO DEFENDANT

19.     On March 20, 2015, Plaintiffs notified Adam S. Winger, American Caresource's registered agent, in a letter sent via Federal Express, that American Caresource was wrongfully infringing upon AFC's Marks and its rights arising thereunder.   A true and correct copy of Plaintiffs' letter is attached hereto as **Exhibit 4**.   As of the date of this filing, Defendant continues to use the infringing mark.

## COUNT ONE

## (FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION)

20.     Plaintiffs adopt and re-allege the paragraphs above as if set forth fully herein.

21.     American Caresource's use of AFC's Mark or a confusingly similar mark in connection with its competing business ventures threatens to cause actual customer confusion, undermine the goodwill associated with AFC's Marks, and otherwise cause Plaintiffs irreparable harm by diluting or otherwise destroying the distinctive character and quality of AFC's Marks.

22.     American Caresource's actions are calculated to result, and have

resulted, in the unjust enrichment of American Caresource, since said wrongful and illegal actions avail to American Caresource the benefit of Plaintiffs' valuable goodwill, all to Plaintiffs damage and detriment.

23.    As  a  direct  and  proximate  result  of  American  Caresource's above-described actions, American Caresource has caused and will continue to cause injury and expense to Plaintiffs in an amount to be determined at trial.

24.    American Caresource's actions violate Section 32 of the Lanham Act, 15 U.S.C. § 1114 (infringement) and Section 43, 15 U.S.C. §1125(a)(1)(A) and (B) (false designation of origin and unfair competition). Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction enjoining American Caresource from its further use of AFC's Marks and any marks which are confusingly similar. Plaintiffs further seek monetary relief including, without limitation, their damages, American Caresource's profits, and the costs of this action. Further, because American Caresource's infringement is willful, Plaintiffs seek an award of their reasonable attorney's fees.   *See* 15 U.S.C. § 1117.

## COUNT II

### (COMMON LAW TRADEMARK INFRINGEMENT)

25.    Plaintiffs adopt and re-allege the paragraphs above as if set forth fully herein.

26.    AFC is the owner of several trademarks and service marks used in

connection with its operation of family and urgent care medical facilities. AFC has used these trademarks and service marks in commerce continuously and, as a result, consumers have come to associate those marks with the services provided by AFC. As a result of this association, AFC has engendered significant goodwill.

27.    American Caresource has adopted trademarks or service marks, including but not limited to "American Caresource" that are confusingly similar to AFC's Marks.

28.    American Caresource's use of these confusingly similar trademarks causes consumer confusion as to the source of the goods and services being provided by American Caresource. Accordingly, American Caresource's actions constitute common law trademark infringement of AFC's Marks.

29.    American Caresource's actions have been willful and deliberate, as evidenced by American Caresource's refusal to cease use of the AFC' Marks.

30.    American Caresource's actions have harmed AFC's valuable intellectual property rights, have damaged AFC's goodwill, and have caused AFC to suffer damages that are not calculable in monetary terms.

31.    If American Caresource is not preliminarily and permanently enjoined by this Court, American Caresource will continue its acts of trademark infringement set forth above, thereby deceiving the public, trading on AFC's goodwill and causing AFC immediate and irreparable harm, damage, and injury.

32.   AFC has no adequate remedy at law for the aforementioned irreparable harm.

33.   AFC is entitled to damages, an award for its reasonable attorneys' fees, the costs of this action, interest, and such other relief as this Court deems appropriate.

## COUNT THREE

### (TRADEMARK DILUTION PURSUANT TO ALA. CODE § 8-12-17)

34.   Plaintiffs adopt and re-allege the paragraphs above as if set forth fully herein.

35   AFC's Marks are famous. They are widely recognized by the general consuming public of the State of Alabama and Southeast as a designation of source of services provided by AFC.

36.   American Caresource's commercial use of a confusingly similar trademark in conjunction with medical services is likely to cause dilution of AFC's famous marks through blurring and/or tarnishment, in violation of Alabama Code § 8-12-17.

37.   Upon information and belief, American Caresource willfully intended to cause dilution, with the intent to blur and/or tarnish AFC's Marks.

38.   Accordingly, Plaintiffs are entitled to injunctive relief throughout the geographic area in which the AFC's Marks are famous.

39.    American Caresource's trademark dilution has and will continue to cause immediate and irreparable harm, damage, and injury to Plaintiffs.

40.    Plaintiffs have no adequate remedy at law for the aforementioned irreparable harm.

41.    Plaintiffs are entitled to damages, an award for their reasonable attorneys' fees, the costs of this action, interest, and such other relief as this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request judgment as follows:

(1)    That the Court enter a judgment in favor of Plaintiffs and against American Caresource under all causes of action as set forth above;

(2)    That the Court issue preliminary and permanent injunctive relief against American Caresource, its officers, directors, shareholders, agents, servants, employees, attorneys and all persons in active concert or participation with it from using AFC's Marks, or any mark confusingly similar to AFC's Marks, including but not limited to "American Caresource";

(3)    That American Caresource pay damages for lost revenue that Plaintiffs would have received had American Caresource not committed the illegal activates described herein;

(4)     That the Court order American Caresource to pay to Plaintiffs general, special, actual, and statutory damages in accordance with the Lanham Act, and other applicable law, including treble damages pursuant to 15 U.S.C. § 1117(a);

(5)     That the Court order American Caresource to pay to Plaintiffs the costs of this action and reasonable attorney's fees incurred in prosecuting this action; and

(6)     That the Court grant to Plaintiffs such other and additional relief as is just and proper.

Respectfully submitted,


/s/ Michael J. Douglas
Michael J. Douglas
Bar No. ASB-2888-C52D
FRIEDMAN, DAZZIO, ZULANAS & BOWLING, P.C.
3800 Corporate Woods Drive
P.O. Box 43219
Birmingham, AL 35242
Telephone:  (205) 278-7000
Email:   mdouglas@friedman-lawyers.com


/s/ Lauren Simmons
Lauren Simmons
Bar No. ASB-8038-L68S
3700 Cahaba Beach Road
Birmingham, AL 35242
Telephone: (205) 380-5529
Email: lsimmons@AMERICANFAMILYCARE.com


Attorneys for Plaintiffs

## JURY DEMAND

___X___    Plaintiffs hereby demand a struck jury for the trial of this case.

## VERIFICATION

Randy Johansen declares under penalty of perjury:

1.     I am employed as President of American Family Care, Inc. ("AFC"). I am authorized by AFC to execute this Verification.

2.     I have reviewed the foregoing Verified Complaint and hereby verify that the factual allegations contained in it are true.  I base this statement on my personal knowledge, and on the business records of AFC.

Executed this _21_ day of April, 2015.

Randy Johansen

STATE OF ALABAMA        )
COUNTY OF JEFFERSON     )

Sworn to and subscribed before me this _21st_ day of April, 2015.

Notary Public
My Commission Expires: _7/21/2016_